IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-159(5) |
| | § | Civil No. C-05-165 |
| MICHAEL RONJE, | § | |
| | § | |
|     Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Michael Ronje's ("Ronje") motion to set aside, correct, or vacate his sentence pursuant to 28 U.S.C. § 2255 (D.E. 130),[1] which was received by the Clerk on April 4, 2005, and is deemed filed as of February 4, 2005.[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed herein, Ronje's motion is not timely and thus is not properly before the Court. Moreover, Ronje waived his right to file the claims he raises in his § 2255 motion. For these reasons, discussed in more detail herein, his § 2255 motion is DENIED. Additionally, the Court also denies him a Certificate of Appealability.

---

[1]     Docket entry references are to the criminal case, Cr. C-03-159.

[2]     Ronje's motion is dated February 4, 2005. The Court questions the accuracy of that date, because if it was given to prison officials on that date, it apparently took the prison officials nearly two months to mail it. (The envelope that the motion arrived in is post-marked April 1, 2005.) Even if the motion is deemed filed as of that date, however, it is untimely. Thus, the Court will deem the motion filed as of that date because that is the earliest date it could have been delivered to prison authorities for mailing, the pertinent act for determining when a document is filed by a *pro se* prisoner. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

1

## I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2003, Ronje was charged in a two-count indictment with: (1) conspiracy to murder Joe Urdiales, in violation of 18 U.S.C. §§ 1111 and 1117; and (2) the murder of Joe Urdiales, in violation of 18 U.S.C. §§ 2, 7, 1111 (D.E. 1). On July 8, 2003, Ronje pleaded guilty to the conspiracy count, count two, pursuant to a written plea agreement. (D.E. 45, 46). In exchange for his guilty plea to count two, the government agreed to move for the dismissal of count one, to recommend that he receive a three-level reduction for acceptance of responsibility, and to recommend a sentence at the high end of the applicable guideline range. (D.E. 46; see also 9/26/2003 docket entry (Court granting government's motion to dismiss count one). The plea agreement also contained a voluntary waiver of Ronje's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 46 at ¶ 7)(emphasis in original).

The Court questioned Ronje under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. (D.E. 104, Rearraignment Transcript ("R. Tr.") at 34, 36-40, 44-46). In emphasizing the waiver of the right to file a § 2255 motion, the Court instructed:

2

> Further, on a 2255, which is if you appeal a matter and lose, or if you don't appeal, and you're sitting up in the Bureau of Prisons visiting with your friends and fellow inmates and looking at the law library, and you determine that you believe that your case, your conviction was unconstitutional or that I lacked jurisdiction, or that your attorney was ineffective on your behalf, you would be able to file what's called a 2255, which is a post-conviction remedy, to try to get that sentence set aside. In this plea, not only are you giving up your right to appeal, except in the limited circumstances that I outlined, but you're also giving up your right to file a 2255 or any post-conviction remedy other than an appeal.

(R. Tr. at 45-46). Ronje stated under oath that he understood. (R. Tr. at 46). He further testified that he signed his plea agreement, and that he read it two or three times and discussed it completely with his attorney before he signed it. (R. Tr. at 48-50).

Pursuant to the Court's instructions, the probation department prepared a Presentence Investigation Report ("PSR"). The PSR held Ronje accountable for second-degree murder, yielding a base offense level of 33. (PSR ¶ 26). The PSR recommended a two-level increase for restraint of the victim (see U.S.S.G. § 3A1.3), and full credit for acceptance of responsibility. The PSR thus calculated his total offense level as 32. (PSR ¶¶ 26-35). Ronje's criminal history category was V, resulting in a guidelines imprisonment range of 188 to 235 months. (PSR ¶¶ 45, 97).

Ronje, through counsel, filed objections to the PSR. (D.E. 66). Specifically, Ronje objected to the two-level increase and also objected to not receiving a reduction in offense level for being a minimal participant.

At sentencing, the Court adopted the PSR as written, and sentenced Ronje to 235 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, a $50 fine, a $100 special assessment, and $6,042 in restitution for the victim's funeral expenses. (D.E. 80, 85). Judgment of conviction was entered October 3, 2003. (D.E. 85). Ronje did not appeal, nor has he filed any post-conviction motions prior to the now-pending § 2255 motion.

### III. MOVANT'S ALLEGATIONS

In his motion, Ronje asserts two grounds for relief. First, he argues that his sentence was unconstitutionally enhanced, relying on the Supreme Court's decision in United States v. Booker 125 S. Ct. 738 (2005). Second, he argues, in conclusory fashion without any supporting detail, that the evidence was insufficient to support a conviction for murder, because the mens rea element was missing. He explains that he did not previously present these grounds in a direct appeal because his attorney told him he could not appeal anything. He also makes general allegations that his counsel was ineffective "at trial and post-conviction." (Supp. Mem. at 3). As discussed in detail herein, Ronje is not entitled to relief on his claims.

## IV. DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

### B.    Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b). As calculated under Fed. R. App. P. 26, those ten days exclude intermediate Saturdays, Sundays and legal holidays. Calculated under Rule 26, ten days after October 3, 2003 is October 20, 2003. In this case, and consistent with his waiver of appellate rights, Ronje did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on October 20, 2003.

He had one year from that date, or until October 20, 2004, to file a § 2255 motion. Because he did not file his motion until February 4, 2005, his motion was filed more than three months late. Ronje acknowledges that his motion is not timely as calculated under subsection (1) of § 2255. Rather, he argues for the retroactive application of Booker, and argues that his motion should be deemed timely under § 2255(3). (Supp. Mem. at 4).

---

[3] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

**C.      Timeliness of Booker claim**

As noted, Ronje's motion relies in part on the Supreme Court's recent decision in Booker. Specifically, he argues that his sentence was unlawfully enhanced based on the finding for restraint of a victim, because the enhancement was based on facts contained in the PSR and found by the Court, rather than admitted by him or found by a jury beyond a reasonable doubt. Because of his arguments, the Court addresses whether any claim pursuant to Booker is timely. If Booker applies retroactively to cases on collateral review, then his Booker claim is arguably timely under § 2255(3). See supra note 3. Apparently recognizing this, Ronje devotes nearly all of his attached memorandum to arguing that Booker should be applied retroactively on collateral review.

For the reasons set forth herein, the Court concludes that Booker does not apply retroactively to cases already final on direct review when it was decided. Thus, any claim based on Booker is also subject to dismissal because it is not timely.

**1.      Booker Background**

To explain the Court's conclusions regarding the retroactivity of Booker, some background regarding both Booker and its predecessor, Blakely v. Washington, 124 S. Ct. 2531 (2004), is warranted. In Blakely, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial. Specifically, the court held that Apprendi v. New Jersey, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. Blakely, 124 S. Ct. at 2537-38. Blakely involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. See generally id.

Booker addressed Blakely's impact on the federal sentencing guidelines, which are applied in federal criminal cases.  Booker consists of two majority decisions, and several dissenting

6

decisions, and its analysis is somewhat detailed. At the risk of oversimplifying the decision, however, the holding of Booker was two-fold. First, in the first majority opinion, the Court held that Blakely applied to the federal guidelines. As with the sentencing scheme at issue in Blakely, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy. Booker, 125 S. Ct. at 750-51, 756.

In the second majority opinion, the Supreme Court discussed the remedy to be applied in light of its first holding. The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole. Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory." Id. at 757. The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress. Id.

For the reasons discussed in the next section of this Order, the Court concludes that relief under Booker is not available on collateral review to a defendant like Ronje, whose conviction became final prior to the date Booker was decided, January 12, 2005.

### 2. Retroactivity Analysis

Neither of the majority opinions states that Booker should be applied retroactively to convictions and sentences that are already final. Indeed, Justice Breyer's decision concerning the proper remedy indicates that the Court's Booker holdings should be applied "to all cases on direct review." Booker, 125 S. Ct. at 769 (emphasis added). By implication, then, the statement would

7

appear to preclude application to cases not on direct review, i.e., those in which the convictions and sentences have become final.[4]

Even more pertinent to the issue of Booker and Blakely retroactivity is the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), handed down the same day as Blakely. In Schriro, the Supreme Court was faced with determining whether its decision in Ring v. Arizona, 536 U.S. 584 (2002), could be applied retroactively on collateral review. Ring, like Blakely, applied the principles of Apprendi. In Ring, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In Schriro, the Court first concluded that Ring was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in Ring did not fall within any of the narrow exceptions to the general principle, as set forth in Teague v. Lane, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. Schriro, 124 S. Ct. at 2524-25. It concluded, therefore, that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." Schriro, 124 S. Ct. 2526.

This Court finds the reasoning in Schriro to be persuasive and pertinent here. Like the rule in Ring, the rule announced in Blakely (and extended to the federal guidelines in Booker) is a new rule of procedure, but does not fall within any of the Teague exceptions. Accordingly, Blakely and Booker do not apply retroactively to cases on collateral review.

The Fifth Circuit has not yet addressed whether Booker is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive,

---

[4] The Court recognizes, of course, that retroactivity was not an issue in Booker or its companion case, Fanfan, both of which came to the Supreme Court as direct criminal appeals. Thus, the quoted language arguably has no meaning as to Booker's retroactivity in collateral proceedings.

8

for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005). The Second, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have reached the same conclusion as the Court does herein. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, __ F.3d __, 2005 WL 803214 (2d Cir. April 8, 2005)(same). Similarly, in a post-Booker decision, the Tenth Circuit rejected a § 2255 movant's argument that Blakely applies retroactively. United States v. Price, 400 F.3d 844 (10th Cir. 2005). In so doing, the Price court utilized reasoning which would be equally applicable to Booker. See generally id.

Because the Court concludes that Booker is not retroactive to cases on collateral review, and because Ronje's conviction became final prior to January 12, 2005, he is not entitled to relief under Booker.

### 3. Viability of Booker Claim

Even if Booker were retroactively applicable, it would not entitle Ronje to relief. The two-level enhancement does not violate the principles set forth in Blakely and Booker, because those cases explicitly allow a sentence to be increased based on facts not tried to a jury, if they are admitted by the defendant in the plea colloquy. Booker, 125 S. Ct. at 756, Blakely, 124 S. Ct. at 2537. At Ronje's rearraignment, the prosecutor recited that Ronje's co-defendants first beat the victim in an apartment. After Ronje joined his co-defendants, he and his co-defendants assaulted and beat the victim in a

pickup truck as he was transported to the Padre Island National Seashore. They then removed him from the truck and stabbed him to death. (R. Tr. at 65-71). Under oath, Ronje admitted those facts were true. (R. Tr. at 79). The facts as recited by the prosecutor and admitted by Ronje suffice to establish that the victim was physically restrained during the course of the offense. See U.S.S.G. § 1B1.1, cmt. n.1(h)(defining physically restraining as "the forcible restraint of the victim such as by being tied, bound, or locked up"). In particular, the Court cannot meaningfully distinguish between the example in the commentary of being "locked up or bound" and the situation here, where the victim was beaten severely while confined in a pick-up truck with at least four other adult men.

Ronje argues that the Fifth Circuit's decision in United States v. Hickman, 151 F.3d 446, 461 (5th Cir. 1998) prevents the Court's application of U.S.S.G. § 1B1.1 to the factual scenario in this case. He is incorrect. In Hickman,[5] the Fifth Circuit concluded that the enhancement was improper where the defendant merely pointed a firearm at an employee during the course of the robbery, although he did not ask the employee to do anything at the same time. The Court also noted that the confining of the victim in some manner coupled with a threat of violence would be sufficient. The Court also affirmed that the use of the words "such as" in the commentary is clearly intended to indicate that "being tied, bound or locked up" are listed by way of example rather than limitation. 151 F.3d at 461. The Court finds nothing in Hickman that is inconsistent with its application of the enhancement in the instant case. For the foregoing reasons, any claim by Ronje based on Booker fails.

### D. Waiver of § 2255 Rights

Ronje's motion fails in its entirety for a second, independent reason: he waived his right to file the claims raised in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v.

---

[5] Hickman was vacated when a rehearing was granted, 165 F.3d 1020 (5th Cir. 2000), but was later affirmed in relevant part after a rehearing *en banc*. United States v. Hickman, 179 F.3d 230 (5th Cir. 1999).

McKinney, __ F.3d __, 2005 WL 887153 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Ronje argues that his waiver does not bar his § 2255 motion because the waiver allowed him to appeal "the sentence imposed above the statutory maximum" and argues that he was sentenced above the "statutory maximum," as that term is defined in Blakely and Booker. As an initial matter, the limitation allowing an appeal for a sentence above the statutory maximum was an exception applicable to his waiver of appeal, but not as an exception to his § 2255 waiver. Moreover, the Fifth Circuit and other courts have soundly rejected the precise argument Ronje raises. See McKinney, __ F.3d __, 2005 WL 887153 at *3 & n.5 (collecting authority so holding and agreeing with it).

Notably, Ronje does not challenge his waiver on any other grounds, nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").[6] It is clear from the rearraignment recording that Ronje understood that he was waiving his right both to appeal (except under certain circumstances) and to file § 2255 motions. His statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

---

[6] As noted, Ronje asserts only a generalized claim of ineffective assistance of counsel (see Supp. Mem. at 3), but does not provide any details in support of his claim, nor does he challenge his counsel's advice related to his plea or waiver.

11

In sum, the Court concludes that Ronje's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

### E.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Ronje has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Ronje has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is both time-barred and barred by his waiver of his § 2255 rights. Accordingly, Ronje is not entitled to a COA.

### V.  CONCLUSION

For the aforementioned reasons, Ronje's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E.130) is DENIED. Additionally, Ronje is DENIED a Certificate of Appealability.

ORDERED this 11th day of May, 2005.

_____
Janis Graham Jack
United States District Judge